UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal Action No. 1:21-cr-10358-IT |
| | * | |
| RAFAEL DE LOS ANGELES, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER

August 8, 2023

Defendant Rafael De Los Angeles is charged with five counts of embezzlement of mail matter by an employee in violation of 18 U.S.C. § 1709. Indictment [Doc. No. 1]. Defendant's pending Motion to Dismiss or in the Alternative for Production of the Grand Jury Minutes [Doc. No. 32] contends that the government's indictment fails to (1) allege the felonious intent element of the offenses and (2) make factual allegations concerning Defendant's acts and intent. Def's Mem. 4, 8 [Doc. No. 33]. Alternatively, Defendant moves to produce the grand jury minutes on grounds that he has a good-faith belief that production is necessary to ensure no abuse or defects would warrant dismissal of the indictment. Id. at 11-12. For the following reasons, Defendant's motion is DENIED.

I.   **Factual Background as Alleged in the Indictment**

Defendant was a United States Postal Service employee at the time of the events at issue. Indictment, Count One – Five [Doc. No. 1]. On August 4, 2017, a package addressed and intended to be conveyed by mail and carried and delivered by a Postal Service employee to A.C., at Last Street, Fall River, Massachusetts, was entrusted to Defendant and came into his possession. Defendant embezzled the package. Id. Count One.

On August 7, 2017, a package addressed and intended to be conveyed by mail and carried and delivered by a Postal Service employee to R.R., at Clement Street, Fall River, Massachusetts, was entrusted to Defendant and came into his possession. Defendant embezzled the package. Id. Count Two.

On August 14, 2017, a package addressed and intended to be conveyed by mail and carried and delivered by a Postal Service employee to S.A., at Last Street, Fall River, Massachusetts, was entrusted to Defendant and came into his possession. Defendant embezzled the package. Id. Count Three.

On August 28, 2017, a package addressed and intended to be conveyed by mail and carried and delivered by a Postal Service employee to S.C., at Shove Street, Fall River, Massachusetts, was entrusted to Defendant and came into his possession. Defendant embezzled the package. Id. Count Four.

On August 30, 2017, a package addressed and intended to be conveyed by mail and carried and delivered by a Postal Service employee to B.D., at Broad Street, Fall River, Massachusetts, was entrusted to Defendant and came into his possession. Defendant embezzled the package. Id. Count Five.

**II.     Motion to Dismiss**

    A.     *Standard of Review*

When reviewing a defendant's motion to dismiss an indictment, the court must "take the facts alleged in the indictment as true, mindful that 'the question is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense.'" United States v. Ngige, 780 F.3d 497, 502 (1st Cir. 2015) (quoting United States v. Savarese, 686 F.3d 1, 7 (1st

Cir. 2012)). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974) (citations omitted). "At the indictment stage, the government need not 'show,' but merely must allege, the required elements." United States v. Stewart, 744 F.3d 17, 21 (1st Cir. 2014).

The Federal Rules of Criminal Procedure require an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" Hamling, 418 U.S. at 117 (quoting United States v. Carll, 105 U.S. 611, 612 (1882)).

In Hamling, the Supreme Court distinguished between sufficiency determinations for indictments that raise questions of fact and indictments using statutory language. 418 U.S. at 118. For example, an indictment "[w]here guilt depends so crucially upon [] a specific identification of fact . . . must do more than simply repeat the language of the criminal statute." Id. (citing Russell v. United States, 369 U.S. 749, 764 (1962)). In contrast, for indictments that rely on questions of law, or legal terms where the definition of the term does not change with each indictment, use of the term in the indictment is "sufficiently definite in legal meaning to give a defendant notice of the charge against him." Id. at 118-19 (citing Roth v. United States, 354 U.S. 476, 492 (1957)). The First Circuit has cautioned that courts considering the sufficiency of indictments "must reject arguments that embrace technical niceties at the expense of common sense." United States v. Stepanets, 879 F.3d 367, 372 (1st Cir. 2018).

B.   *Discussion*

1. Sufficiency of the Legal Elements Alleged

Defendant has been charged with violating of 18 U.S.C. § 1709, which states:

> Whoever, being a Postal Service officer or employee, embezzles any letter, postal card, package, bag, or mail, or any article or thing contained therein entrusted to him or which comes into his possession intended to be conveyed by mail, or carried or delivered by any carrier, messenger, agent, or other person employed in any department of the Postal Service, or forwarded through or delivered from any post office or station thereof established by authority of the Postmaster General or of the Postal Service; or steals, abstracts, or removes from any such letter, package, bag, or mail, any article or thing contained therein, shall be fined under this title or imprisoned not more than five years, or both.

The three explicit elements to be proven for this offense are: (1) Defendant was a "Postal Service officer or employee," who (2) "embezzle[d] any [] package. . . entrusted to him" as a result of his employment, that was (3) "intended to be conveyed by . . . the Postal Service." 18 U.S.C. § 1709. Each of these elements are alleged in each count of the indictment.

Defendant contends that the indictment must also specifically allege felonious intent as a separate element. Defendant argues that "[t]he embezzlement element of § 1709 is rooted in the common-law [where] embezzlement was defined as the fraudulent conversion of the property of another by one who is already in lawful possession of it." Def. Mem. 5 [Doc. No. 33] (internal quotation omitted). He concludes that, as a codification of that common law offense, the statute requires a felonious intent. Id. at 6. The government counters that "separately alleging that the defendant embezzled packages with felonious intent is not needed because embezzlement, by its very nature, involves felonious intent." Gov.'s Opp. 7 [Doc. No. 66]. The government contends that "embezzlement" is not a general term, and the indictment did not need to allege that Defendant operated with felonious intent because the term "embezzle" "'connotes to both lawyers and laymen' that the act was performed with wrongful intent." Gov.'s Opp. 8 [Doc. No. 66] (quoting United

4

States v. Willis, 515 F.2d 798, 800 (7th Cir. 1975)). The question, then, is whether "embezzle" is a term sufficient to provide Defendant with notice of the charge against him as required by Hamling. The court finds that it is.

The First Circuit has repeatedly held that embezzlement by its nature requires felonious intent. See In re Sherman, 603 F.3d 11, 13 (1st Cir. 2010) (holding in the bankruptcy context that "to amount to embezzlement, conversion must be committed by a perpetrator with fraudulent intent[.]"); Colella v. United States, 360 F.2d 792, 798 (1st Cir. 1966) (rejecting defendant's argument that indictment under statute criminalizing embezzlement in the labor context was invalid because it did not expressly charge felonious intent as an element separate from embezzlement because "one could not innocently embezzle or steal."). Though these cases dealt with different statues than that at issue here, their holdings direct that an allegation of embezzlement includes, in its nature, an allegation of felonious intent.

These cases accord with both common sense and common law understandings of "embezzlement" as including malintent. See Moore v. United States, 160 U.S. 268, 269-70 (1895); Bullock v. BankChampaign, N.A., 569 U.S. 267, 273-74 (2013); Dickinson v. United States, 159 Fed. 801, 802 (1st Cir. 1908); Hughes v. United States, 338 F.2d 651, 652 (1st Cir. 1964); United States v. Young, 955 F.2d 99, 102-03 (1st Cir. 1992).

Defendant's proffered cases are unpersuasive. Defendant relies primarily on United States v. Jordan, 284 F. Supp. 758 (D. Mass. 1968). The Jordan court did determine that "an indictment or information based on a federal statute which is substantially a codification of a common law crime such as larceny or embezzlement, is fatally defective if it lacks an allegation of the common law element of felonious intent." Id. at 760. In reaching that conclusion, the court

relied on a 1964 First Circuit case, Hughes v. United States, 338 F.2d 651 (1st Cir. 1964).[1]

In Hughes, the First Circuit considered the sufficiency of an indictment that charged defendants with stealing merchandise in customs custody under 18 U.S.C. § 549. Id. at 652. The statute at issue in that case provided in part:

> Whoever maliciously enters any bonded warehouse or any vessel or vehicle laden with or containing bonded merchandise with intent unlawfully to remove therefrom any merchandise or baggage therein, or unlawfully removes any merchandise or baggage in such vessel, vehicle, or bonded warehouse or otherwise in customs custody or control . . . shall be fined under this title or imprisoned.

18 U.S.C. § 549. The court determined that the statute was "substantially a statutory codification of common-law larceny" and that, as such, it "[could] not be deprived of its common-law element of intent." Hughes, 338 F.2d at 652. The statute, notably, does not contain the word "larceny." Essentially, Hughes held that an indictment that includes neither an allegation of intent nor a term of art that encompasses intent is insufficient. But Hughes does not dictate that an indictment under a statute that includes a legal term of art, like embezzlement, must also include distinct allegations of felonious intent.

Just two years after Hughes, the First Circuit confirmed this understanding of its holding in Colella. 360 F.2d at 798-99. The Colella panel held that an indictment that alleged, among other things, embezzlement, "adequately charge[d] felonious intent." Id. at 798. Defendants in that case relied on Hughes for the proposition that the indictment required intent to be charged as a distinct element. The First Circuit rejected that argument, noting that "[o]ur own case,

---

[1] The Jordan court cited that case as Stack v. United States, 338 F.2d 651. The case involved two defendants, Stephen R. Hughes and George P. Stack, and their consolidated appeal is reported with the case name Hughes v. U.S.

6

[Hughes], while requiring allegation of felonious intent in an indictment, merely held that 'unlawfully' falls short of such allegation.'" Id. at 799.

To the extent that Defendant relies on Jordan, the court finds Jordan unpersuasive in light of the cases set forth above. It is also inconsistent with decisions of other circuits that have answered this question. See Willis, 515 F.2d at 800; United States v. Greene, 468 F.2d 920, 920 (4th Cir. 1972); Kelley v. United States, 166 F.2d 343, 346 (9th Cir. 1948); United States v. Monday, 614 F.3d 983 (9th Cir. 2010).

In sum, the court finds that the indictment's use of the term "embezzlement" was sufficient to give Defendant notice of the charge against him given that it tracked the language of the criminal statute. See United States v. Troy, 618 F.3d 27, 34 (1st Cir. 2010). Accordingly, to the extent Defendant's motion relies on this argument, it is denied.

2. Sufficiency of the Factual Allegations

Defendant asserts that "the Fifth and Sixth Amendments require that the indictment make factual allegations concerning the defendant's acts and intent." Def. Mem. 8 [Doc. No. 33]. Further, Defendant claims that the five-count indictment "does not allege what acts Mr. De Los Angeles did to 'embezzle' mail matter nor any intent in those acts[,]" and accordingly must be dismissed. Id.

The government does not contest Defendant's claim that "[t]o satisfy the Sixth Amendment's notice requirement, 'the language of the statute may be used . . ., but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged.'" Def. Mem. 9 [Doc. No. 33] (quoting Russell, 369 U.S. at 765). However, the government contends that "each count of the indictment describes De Los Angeles's role as a United States Postal

7

Service employee, and describes each parcel that he embezzled by reference to the addressee's initials, the street that the parcel was addressed to, and the approximate date that De Los Angeles embezzled the parcel," and that such descriptions are "sufficient to apprise De Los Angeles of the charged offense." Gov.'s Opp. 20 [Doc. No. 66]; see also United States v. Burns, 15 F.3d 211, 217 (1st Cir. 1994) ("the original indictment's two [18 U.S.C. § 1709] counts tracked the language of the embezzlement statute and described each embezzlement's approximate date and place[,]" "provid[ing defendant] with enough information about the charged offenses to both prepare for trial and avoid double jeopardy[.]").

Here, the factual assertions in each count, beyond the language that tracks the statute, are (1) the date each incident occurred; (2) the initials of the recipient to whom each package was addressed; and (3) the name of the street each package was addressed to. Though limited, this recitation of facts has sufficient particularity to survive a motion to dismiss. These factual details track the elements of the charge under 18 U.S.C. § 1709 that Defendant (1) was a Postal Service employee who (2) embezzled a package entrusted to him through that employment that was (3) intended to be conveyed by the Postal Service. See Burns, 15 F.3d at 216-217.

Where the government has alleged sufficient facts in the indictment to give Defendant notice of the charges against him, and where the First Circuit has observed that a federal court's use of its supervisory power to dismiss an indictment "directly encroaches upon the fundamental role of the grand jury," and should only be exercised in "extremely limited circumstances," the court finds that the circumstances here do not justify dismissal. Whitehouse v. U.S. Dist. Court for Dist. of Rhode Island, 53 F.3d 1349, 1360 (1st Cir. 1995). Accordingly, Defendant's motion to dismiss is denied.

### III.     Motion to Produce Grand Jury Materials

A.  Standard of Review

"The Supreme Court repeatedly has recognized the importance of secrecy in grand jury proceedings, even after . . . the grand jury has concluded its function." United States v. McMahon, 938 F.2d 1501, 1504 (1st Cir.1991) (citing Douglas Oil Co. v. Petrol Stops Nw., 441 U.S. 211, 222 (1979)). "Under Federal Rule of Criminal Procedure 6(e)(3), however, the court has discretion to authorize the disclosure of grand jury material in limited circumstances," including "'at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury[.]'" Chan v. United States, 2022 WL 888704, at *3 (D. Mass. Mar. 25, 2022) (quoting Fed. R. Crim. P. 6(e)(3)(E)(ii)). However, "[t]hat provision is not an invitation to engage in 'fishing expeditions' for misconduct in grand jury proceedings 'when there are no grounds to believe that any wrongdoing or abuse has occurred.'" United States v. George, 839 F. Supp. 2d 430, 437 (D. Mass. 2012) (quoting United States v. Rodriguez–Torres, 570 F. Supp. 2d 237, 241 (D.P.R. 2008)).

To warrant disclosure, defendants must make a "strong showing of a particularized need" to obtain grand jury material. United States v. Sells Eng'g., Inc., 463 U.S. 418, 443 (1983); see also United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (quoting United States v. Johnson, 319 U.S. 503, 513 (1943)) (the "'indispensable secrecy of grand jury proceedings' . . . must not be broken except where there is a compelling necessity"). To meet this substantial burden, defendants must demonstrate (1) "that the material they seek is needed to avoid a possible injustice in another judicial proceeding," (2) "that the need for disclosure is greater than the need for continued secrecy," and (3) "that their request is structured to cover only material so needed." Douglas Oil, 441 U.S. at 222. "Speculative allegations of impropriety are not sufficient

9

to meet this burden; rather, the requesting party must establish that 'particularized and factually based grounds exist to support the proposition that irregularities in grand jury proceedings may create a basis for dismissal of an indictment.'" United States v. Gurry, 2019 WL 247205, at *2 (D. Mass. Jan. 17, 2019) (quoting Rodriguez-Torres, 570 F. Supp. 2d at 242).

"The purposes for which a court may disclose grand jury materials under Rule 6(e) invariably relate to administering judicial proceedings, protecting the integrity of the legal process, and facilitating the prosecution of a criminal offense." In re Petition for Order Directing Release of Records, 27 F.4th 84, 92 (1st Cir. 2022) (citing Fed. R. Crim. P. 6(e)(3)(E)(i)–(v)[2]). The First Circuit has declined to decide whether the list of exceptions to a grand jury's general privilege of secrecy outlined in Rule 6(e)(3) is illustrative or exhaustive. See id. at 91.

B.  **Discussion**

Defendant argues that the material sought is needed to avoid a possible injustice because the indictment's sparse factual assertions suggest that "he could [be] tried and convicted on the

---

[2] Fed. R. Crim. P. 6(e)(3)(E) The court may authorize disclosure--at a time, in a manner, and subject to any other conditions that it directs--of a grand-jury matter:

    (i) preliminarily to or in connection with a judicial proceeding;

    (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury;

    (iii) at the request of the government, when sought by a foreign court or prosecutor for use in an official criminal investigation;

    (iv) at the request of the government if it shows that the matter may disclose a violation of State, Indian tribal, or foreign criminal law, as long as the disclosure is to an appropriate state, state-subdivision, Indian tribal, or foreign government official for the purpose of enforcing that law; or

    (v) at the request of the government if it shows that the matter may disclose a violation of military criminal law under the Uniform Code of Military Justice, as long as the disclosure is to an appropriate military official for the purpose of enforcing that law.

basis of facts not found by, or even presented to, the grand jury indicting him" Def. Mem. 13 [Doc. No. 33]. Defendant contends that his request outweighs the need for maintaining grand jury secrecy and is structured to cover only material needed because he "is only seeking disclosure of the grand jur[y's] minutes and he does not anticipate that there are any civilian witnesses to protect as his investigation was conducted entirely remotely through surveillance." Id. at 14.

The government argues that the "party asserting a claim of grand jury abuse must shoulder a heavy burden" which Defendant does not satisfy. Gov.'s Opp. 21 [Doc. No. 66] (quoting United States v. Flemmi, 245 F.3d 24, 28 (1st Cir. 2001)). More specifically, the government contends that Defendant has not shown a "particularized need" as required by the Supreme Court and thus has not established good cause to produce the minutes. See U.S. v. Procter & Gamble Co., 356 U.S. 677, 683 (1958).

The totality of Defendant's argument for compelling the grand jury minutes is his allegation that he has "a good-faith basis for believing that production of the Grand Jury minutes is necessary to discover and ensure that no abuse or defects of the grand jury proceeding exist which would warrant dismissal of the indictment." Def. Mem. 12 [Doc. No. 33]. Defendant does not support this claim with particular allegations of misconduct, abuse, or procedural deficiencies. Where Defendant has failed to make "a strong showing of particularized need," Sells Eng'g., Inc., 463 U.S. at 443, his request that the court compel production of the grand jury minutes is denied.

## IV.     Conclusion

For the foregoing reasons, Defendant's <u>Motion to Dismiss or in the Alternative for Production of the Grand Jury Minutes</u> is DENIED.

IT IS SO ORDERED

August 8, 2023                                                                              /s/Indira Talwani
                                                                      United States District Judge